
MAY 30 2008



THE CITY OF NEW YORK

**MICHAEL A. CARDOZO**
*Corporation Counsel*

**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

DOCUMENT ELECTRONICALLY FILED
DATE FILED: 5/30/08

**GABRIEL P. HARVIS**
Assistant Corporation Counsel
Phone: (212) 788-1816
Fax: (212) 788-9776
gharvis@law.nyc.gov

May 30, 2008

# MEMO ENDORSED

Application for extension of time granted to 7/2/08.

SO ORDERED:
Date: 5/30/08
*Richard M. Berman*
Richard M. Berman, U.S.D.J.

**BY HAND**
Honorable Richard M. Berman
United States District Judge
United States Courthouse
Southern District of New York
500 Pearl Street, Room 650
New York, New York 10007

Re: Norma Rodriguez v. City of New York, et al.
    08 CV 4393 (RMB)

Your Honor:

      I am an Assistant Corporation Counsel in the Special Federal Litigation Division of the New York City Law Department and the attorney assigned to represent defendant City of New York ("City") in this matter. I write to respectfully request: 1) an enlargement of time from June 2, 2008, until August 4, 2008, for the City to answer or otherwise respond to the complaint; and 2) an adjournment of the initial conference presently scheduled for June 16, 2008, at 10:00 a.m., until some time after defendants have answered the complaint that is convenient for the Court. Plaintiff's counsel consents to this application.

      In the complaint, plaintiff alleges, *inter alia*, that on January 3, 2007, she was arrested and subjected to excessive force by officers of the New York City Police Department. Plaintiff further alleges that she sustained injuries as a result of the arrest.

      There are several reasons for seeking an enlargement of time. First, in accordance with this office's obligations under Rule 11 of the Federal Rules of Civil Procedure, we need this additional time to investigate the allegations of the complaint including whether plaintiff was in City custody at the time of the alleged incident. Second, this office will be forwarding to plaintiff for execution a release for her medical records. The City cannot obtain these records without the release, and without the records, the City cannot assess this case or properly respond to the complaint.

Second, defendant City appears to have been served with process. However, upon information and belief, the individually named defendants have not yet been served. The extension should allow time for plaintiff to serve these defendants with process and for this office to confirm the validity of the purported service, and to determine, pursuant to Section 50-k of the New York General Municipal Law, and based on a review of the facts of the case, whether we may represent them. See Mercurio v. The City of New York, et al., 758 F.2d 862, 864-65 (2d Cir. 1985) (quoting Williams v. City of New York, et al., 64 N.Y.2d 800, 486 N.Y.S.2d 918 (1985) (decision whether to represent individual defendants is made by the Corporation Counsel as set forth in state law)).

No previous request for an extension has been made. Accordingly, we respectfully request: 1) an enlargement of time from June 2, 2008, until August 4, 2008, for the City to answer or otherwise respond to the complaint; and 2) an adjournment of the initial conference presently scheduled for June 16, 2008, at 10:00 a.m., until some time after defendants have answered the complaint that is convenient for the Court and for such other relief as Your Honor deems just and proper.

Thank you for your consideration of this request.

Respectfully submitted,

Gabriel P. Harvis (GH2772)
Assistant Corporation Counsel

cc:   Steven Hoffner, Esq. (by fax)