UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------- x

NORMA RODRIGUEZ,

                                 Plaintiff,

                   -against-

THE CITY OF NEW YORK, N.Y.C POLICE OFFICER
JANNA BORZELL, SHIELD # 30882, AND N.Y.C.
SERGEANT "JOHN DOE", EACH SUED
INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY,

                                 Defendants.

------------------------------------------------------------------------- x

**ANSWER TO VERIFIED COMPLAINT**

08 CV 4393 (RMB)

Jury Trial Demanded

         Defendant City of New York, by its attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for its answer to the complaint, respectfully alleges, upon information and belief, as follows:[1]

         1.      Denies the allegations set forth in paragraph "1" of the complaint, except admits that plaintiff purports to proceed as stated therein.

         2.      Denies the allegations set forth in paragraph "2" of the complaint, except admits that plaintiff purports to invoke the Court's jurisdiction and lay venue as stated therein.

         3.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "3" of the complaint.

         4.      Denies the allegations set forth in paragraph "4" of the complaint, except admits that Janna Borzell was employed by the City of New York as a police officer on January 3, 2007.

---

[1] Upon information and believe, the individual identified in the caption as "N.Y.C. POLICE OFFICER JANNA BORZELL, SHIELD # 30882" has not been served with process. Thus, she is not a party to this action.

5.      Denies the allegations set forth in paragraph "5" of the complaint, except admits that the City of New York is a municipal corporation and maintains a police department and respectfully refers the Court to the New York City Charter and the Administrative Code.

6.      Denies the allegations set forth in paragraph "6" of the complaint, except admits that the City of New York maintains a police department which provides training to its employees.

7.      Denies the allegations set forth in paragraph "7" of the complaint.

8.      Denies the allegations set forth in paragraph "8" of the complaint.

9.      Denies the allegations set forth in paragraph "9" of the complaint, except admit that plaintiff was arrested for shoplifting on January3, 2007.

10.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "10" of the complaint.

11.     Denies the allegations set forth in paragraph "11" of the complaint.

12.     Denies the allegations set forth in paragraph "12" of the complaint.

13.     Denies the allegations set forth in paragraph "13" of the complaint.

14.     Denies the allegations set forth in paragraph "14" of the complaint.

15.     Denies the allegations set forth in paragraph "15" of the complaint.[2]

16.     Denies the allegations set forth in paragraph "16" of the complaint.

17.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "17" of the complaint.

---

[2] The New York City Police Department is not a defendant in this action.

- 2 -

18.     In response to the allegations set forth in paragraph "18" of the complaint, defendant repeats and re-alleges the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

19.     Denies the allegations set forth in paragraph "19" of the complaint.

20.     Denies the allegations set forth in paragraph "20" of the complaint.

21.     Denies the allegations set forth in paragraph "21" of the complaint.

22.     In response to the allegations set forth in paragraph "22" of the complaint, defendant repeats and re-alleges the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

23.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "23" of the complaint.

24.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "24" of the complaint.

25.     In response to the allegations set forth in paragraph "25" of the complaint, defendant repeats and re-alleges the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

26.     Denies the allegations set forth in paragraph "26" of the complaint.

27.     Denies the allegations set forth in paragraph "27" of the complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

28. The complaint fails to state a claim upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

29. Defendant has not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof or any act of Congress providing for the protection of civil rights.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

30. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct, and was not the proximate result of any act of defendant.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

31. At all times relevant to the acts alleged in the complaint, defendant acted reasonably in the proper and lawful exercise of its discretion.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:

32. There was probable cause for the plaintiff's arrest, detention, and prosecution.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:

33. Plaintiff cannot obtain punitive damages as against the City of New York.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:

34. At all times relevant to the acts alleged in the complaint, defendant City, its agents and officials, acted reasonably, properly, lawfully and in good faith in the exercise of their discretion.  Consequently, defendant City of New York is entitled to governmental immunity.

## AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE:

35. Plaintiff may have failed to comply with the conditions precedent to suit.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE:

36. To the extent that the complaint alleges any claims arising under the laws of the state of New York, plaintiff is barred by the applicable Statute of Limitations.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE:

37. To the extent that the complaint alleges any claims arising under the laws of the state of New York, plaintiff may have failed to comply with New York General Municipal Law § 50-e and such claims are barred.

**WHEREFORE,** defendant City of New York requests judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated: New York, New York
      July 1, 2008

                        MICHAEL A. CARDOZO
                        Corporation Counsel
                        of the City of New York
                        *Attorney for Defendant City of New York*
                        100 Church Street, Room 3-193
                        New York, New York 10007
                        (212) 788-1816

          By:            /s/
                      _____
                      Gabriel P. Harvis (GH 2772)
                      Assistant Corporation Counsel
                      Special Federal Litigation Division

To:     Steven A. Hoffner, Esq. (by ECF)
         *Attorney for Plaintiff*
         350 Broadway, Suite 1105
         New York, New York 10013

08 CV 4393 (RMB)

---

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

NORMA RODRIGUEZ,

                              Plaintiff,

                    -against-

THE CITY OF NEW YORK, N.Y.C POLICE
OFFICER JANNA BORZELL, SHIELD # 30882,
AND N.Y.C. SERGEANT "JOHN DOE", EACH
SUED INDIVIDUALLY AND IN HIS OFFICIAL
CAPACITY,

                              Defendants.

---

**ANSWER TO VERIFIED COMPLAINT**

---

*MICHAEL A. CARDOZO*
*Corporation Counsel of the City of New York*
*Attorney for Defendant City of New York*
*100 Church Street*
*New York, New York  10007*

*Of Counsel:  Gabriel P. Harvis*
*Tel:  (212) 788-1816*
*NYCLIS No. 2008-019357*

---

*Due and timely service is hereby admitted.*

*New York, N.Y.  ............................................ , 2008*

*........................................................................ Esq.*

*Attorney for ..............................................................*