UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X   08 CV 4393 (RMB)

NORMA RODRIGUEZ,
                Plaintiff,         FIRST AMENDED
                                              COMPLAINT AND
    -against-                        DEMAND FOR
                                              A JURY TRIAL

THE CITY OF NEW YORK,
N.Y.C. POLICE OFFICER
JANNA BORZELL, SHIELD # 30882,
AND N.Y.C. POLICE OFFICER
ELIZALDE DOMINGO, SHIELD # 4639,
AND VICTOR DEMPSEY, EACH
SUED INDIVIDUALLY AND IN
HIS OFFICIAL CAPACITY,
                Defendants.

------------------------------------------------------------X

    1. This is an action for compensatory and punitive damages for violation of Plaintiffs' rights under the Fourth, Fifth amendments and Fourteenth Amendment to the Constitution of the United States by reason of the unlawful acts of defendants.

## JURISDICTION

    2. This action is brought pursuant to 42 U.S.C. § 1983. Jurisdiction is founded upon 28 U.S.C. § 1343. Venue is proper under 28 U.S.C. § 1391(b) in that all claims arose in this district.

## PARTIES

    3. Plaintiff is a city resident, residing in New York County, State of New York.

    4. At all times hereinafter mentioned, the Defendant Police Officer was an employee of the New York City Police Department (HEREINAFTER REFERRED TO AS "N.Y.P.D.") acting within the scope and authority of his employment. They are sued individually and in their official capacity as New York City Police Officers.

5. The Defendant CITY OF NEW YORK, (HEREINAFTER REFERRED TO AS "City"), was a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York, and as such maintained the New York City Police Department and employed each individual Defendant sued herein.

6. Upon information and belief the City was responsible for the training of its police officers.

7. That at all times herein the City was negligent in the hiring, training, supervision, discipline, retention and promotion of the agents and employees of the N.Y.P.D.

8. That at all times mentioned herein the Defendant, City, knew or should have known of the discriminatory nature, bad judgment, and unlawful propensities of the officers involved in the violation of civil rights, assault, false arrest and malicious prosecution of the Plaintiff.

FACTS

9. On or about January 3, 2007, at approximately 4:00 P.M., plaintiff was in the custody of the defendant officers after being arrested for shoplifting in Marshall's Department store earlier in the day.

10. While in police custody, plaintiff was reluctant to give out her address to the officer as plaintiff resides at a battered women's shelter and the rules of the facility prohibit disclosure of the address.

11. Plaintiff was allowed to call her daughter. During that call, the defendant officer took the phone and demanded to know plaintiff's address and threatened the daughter that she knew would never see her mother again if she didn't provide the address.

12. At that point, plaintiff took the phone back from the officer. The officer angrily stated, "You're resisting arrest", and she then proceeded to handcuff plaintiff and

throw her to the ground.

13. Plaintiff was unjustifiably assaulted by the defendant officer while the Sergeant stood by and failed to intervene. Plaintiff suffered physical injuries as a result.

14. Defendant City of New York has pursued a policy and custom of deliberate indifference to the rights of persons in its domain, including the plaintiffs, in its procedures for supervising and removing, when appropriate, unstable and violent police officers from their duties, including but not limited to the fact that Defendants City and/or N.Y.P.D. knew of the individual Defendants' tendencies to make unlawful arrests, unlawful seizures, use excessive force, and otherwise commit unlawful acts, but took no steps to correct or prevent the exercise of such tendencies.

15. Defendants City and N.Y.P.D. knew or should have known that prior to the above-referenced date, the perpetration of unlawful arrests, commission of other unlawful acts, and the use of excessive force and the infliction of injury to persons in the custody of Defendants officer was occurring, but failed to take appropriate steps to eliminate such unlawful acts.

16. Defendants City and N.Y.P.D., among other deficiencies, failed to institute a bona fide procedure in which Defendant City investigated the unlawful acts of Defendant officer or properly investigated reports of their alleged misconduct.

17. On April 10, 2008, plaintiff accepted an "Adjournment in Contemplation of Dismissal" (ACD).

FOR A FIRST CAUSE OF ACTION
<u>FOR VIOLATION OF CIVIL RIGHTS</u>

18. Plaintiff reiterates and realleges the facts stated in paragraphs 1-17 as if stated fully herein.

19. As a result of their actions, Defendants, acting under "color of law", deprived Plaintiff of his right to freedom from the use of excessive force without due process of

law in violation of the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. § 1983.

20. Defendants subjected Plaintiff to these deprivations of his rights either maliciously or by acting with a reckless disregard for whether Plaintiff's rights would be violated by his actions.

21. As a result of the aforesaid occurrence, Plaintiff suffered the damages and injuries aforesaid. All Defendants are liable for said damage and injuries.

FOR A SECOND CAUSE OF ACTION
<u>FOR VIOLATION OF CIVIL RIGHTS</u>

22. Plaintiff reiterates and realleges the facts stated above as if stated fully herein.

23. The Sergeant was in a position where he could have intervened to prevent the assault on plaintiff, but he unreasonably failure to act.

24. The Sergeant's failure to intervene was a violation of plaintiff civil rights under 42 U.S.C. § 1983.

FOR A THIRD CAUSE OF ACTION
<u>FOR VIOLATION OF CIVIL RIGHTS</u>

25. Plaintiff reiterates and realleges the facts stated above as if stated fully herein.

26. Defendant City, through NYC Police Commissioner Kelly, as a municipal policymaker, in the hiring, training and supervision of its employees, has pursued a policy and custom of deliberate indifference to the rights of persons in its domain, violating Plaintiff's right to be free from the use of excessive force and from deprivation of liberty without due process of law in violation of the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. § 1983.

27. As a direct and proximate result of the aforementioned policy and custom of

deliberate indifference of Defendant City, Defendant officers committed the unlawful acts referred to above and thus, Defendants are liable for Plaintiff's injuries.

PRAYER FOR RELIEF

WHEREFORE, plaintiff prays that this Court:

1. Enter a judgment that Defendants, by their actions, violated Plaintiffs' rights under state law, and violated Plaintiff's rights under the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States and violated Plaintiff's rights under State law; and,

2. Enter a judgment, jointly and severally, against Defendant Officers, and the City of New York for compensatory damages in the amount of One Million ($1,000,000.00) Dollars; and,

3. Enter a judgment, jointly and severally against Defendant Officers, and the City of New York, for punitive damages in the amount of Two Million ($2,000,000.00) Dollars; and,

4. Enter an Order:

    a) Awarding plaintiffs' reasonable attorney's fees and litigation expenses pursuant to 42 U.S.C. § 1988;

    b) Granting such other and further relief which to the Court seems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a trial by jury.

Dated: New York, New York
August 26, 2008

                **RESPECTFULLY,**

                _____
                **STEVEN A. HOFFNER, ESQ.**
                Attorney for the plaintiff
                350 Broadway, Suite 1105
                New York, New York 10013
                Tel:   (212) 941-8330
                Fax:  (212) 941-8137
                (SH-0585)

## VERIFICATION

**STEVEN A. HOFFNER,** an attorney admitted to practice in the Courts of the State of New York states:

That the affirmant is the attorney of record for the plaintiffs in the within action.

That the affirmant has read the foregoing Complaint and knows the contents thereof.

That the same is true as to affirmant's knowledge, except as to matters therein alleged to be on information and belief, and as to those matters affirmant believes them to be true.

That the reason this verification is made by affirmant is because the plaintiffs do not reside in the county wherein affirmant maintains his office.

That the grounds of my belief as to all matters not stated upon my own knowledge are as follows:

investigation, client conferences, and review of the file.

The undersigned affirms that the following statements are true, under the penalties of perjury.


Dated: New York, New York
     August 26, 2008

                                            _____
                                            STEVEN A. HOFFNER, Esq.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X        08 CV 4393 (RMB)

NORMA RODRIGUEZ,

                Plaintiff,        FIRST AMENDED
                                                                      COMPLAINT AND
   -against-                                              DEMAND FOR
                                                                      <u>A JURY TRIAL</u>

THE CITY OF NEW YORK,
N.Y.C. POLICE OFFICER
JANNA BORZELL, SHIELD # 30882,
AND N.Y.C. POLICE OFFICER
ELIZALDE DOMINGO, SHIELD # 4639,
AND VICTOR DEMPSEY, EACH
SUED INDIVIDUALLY AND IN
HIS OFFICIAL CAPACITY,
                Defendants.

------------------------------------------------------------X